# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

KYLE MILLER,                    )
                               )
          Plaintiff,          )
                               )
          v.                  )       CAUSE NO. 2:15-CV-152-PRC
                               )
JAIL COMMANDER DONNIE          )
KOHLS, *et al.*,                 )
                               )
          Defendants.         )

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 3], filed by Defendants Commander Donnie Kohls and Detective Dan Pryor on April 24, 2015; Defendant Rochester Police Department's Motion to Dismiss Plaintiff's Complaint [DE 7], filed May 5, 2015; Plaintiff's Motion for Summary Judgment [DE 13], filed by Plaintiff Kyle Miller on May 11, 2015; and Plaintiff's Motion for Summary Judgment [DE 20], filed by Miller on June 24, 2015.

Miller, a *pro se* prisoner, filed a complaint in the Fulton County Circuit Court alleging that, while he was incarcerated at the Fulton County Jail, he was denied the opportunity to file a police report regarding a theft that occurred at his residence. (DE 2.) Miller asserts that the defendants violated his Fourteenth Amendment right to due process by refusing to respond to his request to file a police report. (*Id*. at 2.) The defendants, Jail Commander Donnie Kohls, Detective Dan Pryor and the Rochester City Police Department, removed this case to federal court. (DE 3.) Subsequently, the parties consented for this case to be reassigned to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (DE 22.) The defendants' motions to dismiss and the plaintiff's motions for summary judgment will be addressed in turn.

Motions to Dismiss

The defendants argue that the plaintiff has failed to state a claim for which relief can be granted because the complaint does not allege any Fourteenth Amendment due process violation. The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations. However, the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). It is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007). The plaintiff's obligation "requires more than labels and conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

According to the complaint, on December 18, 2013, while incarcerated at the Fulton County Jail, the plaintiff submitted a request to file theft and burglary charges after having learned that some of his possessions may have been stolen from his home and pawned. (DE 2 at ¶ 1.) The next day, Defendant Kohls informed the plaintiff that an officer would come and speak with him about this incident. (*Id.*) On December 31, 2013, Defendant Kohls informed the plaintiff that a detective had looked into local pawn shops and there was no activity. (*Id.*) When charges were not filed on the plaintiff's behalf, the plaintiff filed a grievance. (*Id.*) In response, Defendant Kohls informed the plaintiff that he should seek to have charges filed after he is released from custody. (*Id.*) The plaintiff

alleges that Detective Pryor could have taken a police report at any time during his incarceration at the county jail, but he chose not to do so. (*Id*. at ¶ 2.) The plaintiff wanted the police report so that he could submit it to his insurance company regarding his property loss. (Id. at ¶ 3.). The plaintiff asserts the defendants violated his Fourteenth Amendment right to due process by "refusing to respond to [his] request to file a theft and burglary report." (Id. at ¶ 4.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). There is no question that the defendants acted under color of state law. What is disputed is whether the actions of Commander Kohls and Detective Pryor violated the plaintiff's Fourteenth Amendment rights. Simply put, the answer is no. The defendants did not violate the plaintiff's rights under the due process clause by refusing to file a police report on the his behalf. Recently, the Seventh Circuit Court of Appeals visited the purpose of the due process clause in a similar context in *Doe v. Village of Arlington Heights*, 782 F.3d 911 (7th Cir. 2015). There, the court explained:

> The purpose of the Due Process Clause was to protect the people from the State, not to ensure that the State protected them from each other. Thus, due process generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government may not deprive the individual.

*Id.* at 916 (citations and quotations omitted). Thus, individuals have no constitutional right to a police report for illegal conduct that has already transpired. It has been long held that a private citizen lacks a cognizable interest in filing a police report. *Linda R.S. v. Richard D*., 410 U.S. 614 (1973); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006); *YHWHnewBN v. Leak*, No. 11 C 5653, 2012 WL 3061848 at *1 (N.D. Ill. July 26, 2012) (noting that the Constitution does not

"vest her with the right to obtain a police report."); *Foley v. Village of Weston*, No. 06-C-350-C, 2007 WL 314465, at *3 (W.D. Wisc. Jan. 29, 2007) (stating that, unlike criminal defendants, "persons who are not the subject of criminal prosecution have no . . . constitutional right to obtain police reports."). The plaintiff cites to no authority that would establish he has any constitutional right to file a police report.

The plaintiff further claims that the defendants' failure to file a police report on his behalf constitutes an impermissible punishment because he was a pretrial detainee. It is true that the Fourteenth Amendment prohibits the punishment of pretrial detainees, such as Miller. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, prison officials cannot impose punishment on individuals prior to their formal adjudication of guilt. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). Typically, this means that prison officials cannot deny a pretrial detainee appropriate medical care or use an objectively unreasonable amount of force. See *e.g. Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015). However, "not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* Such is the case here. If Miller was not incarcerated, he would have no constitutional right to a police report. While Miller's status as a pre-trial detainee protects him from punishment, it does not give him additional rights. Thus, nothing about his status as a pre-trial detainee changes the court's conclusion.

Because the plaintiff does not have a constitutional right to file a police report and because the failure to provide him with a police report does not constitute a "punishment" under the Fourteenth Amendment, the complaint fails to state a claim for which relief could be granted.[1]

---

[1]Notably, "the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, even though the Rochester Police Department does not argue this point, it is yet another reason why its dismissal is appropriate.

Motions for Summary Judgment

In this Court, the plaintiff filed a motion for summary judgment that he originally filed in state court (DE 13) and then filed another motion for summary judgment. (DE 13, 20.) Both motions are essentially identical. In them, the plaintiff simply attaches his own affidavit which recounts the allegations of the complaint. He also includes the inmate grievance request forms submitted while at the Fulton County Jail. However, the motions are deficient. They do not include a supporting memorandum, as required under Local Rule 7-1(b)(3), nor do they advance any legal argument. Regardless, as the discussion above indicates, the plaintiff has not stated a claim for which relief can be granted. Thus, he is not entitled to judgment as a matter of law, and his motions must be denied.

For these reasons, the Court hereby **GRANTS** the Motion to Dismiss [DE 3] and Defendant Rochester Police Department's Motion to Dismiss Plaintiff's Complaint [DE 7], **DENIES** the Plaintiff's Motion for Summary Judgment [DE 13] and Plaintiff's Motion for Summary Judgment [DE 20], and **DISMISSES** this case with prejudice.

SO ORDERED this 4th day of January, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Kyle Miller, Plaintiff *pro se*